IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES A. COOK, )
)
Petitioner, )
)
v. ) 1:15CV897
)
FRANK PERRY, )
)
Respondent. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) Respondent has filed a Motion to Dismiss on Statute of Limitations Grounds. (Docket Entry 5.) Petitioner, in turn, filed a Response. (Docket Entry 8.) This matter is now prepared for a ruling.

## Background

In December 2002, Petitioner was convicted after trial by jury in Superior Court, Guilford County of two counts of assault with a deadly weapon on a governmental official, felony possession of cocaine, and admitted habitual felon status. (Docket Entry 2, §§ 1-6.) He was sentenced to two consecutive terms of 135-171 months of imprisonment. (*Id.*) A divided panel of the North Carolina Court of Appeals found no error in Petitioner's conviction on May 4, 2004, *State v. Cook*, 164 N.C. App. 139 (2004), and the matter was affirmed by the Supreme Court of North Carolina on December 17, 2004, *State v. Cook*, 359 N.C. 185 (2004).

On October 31, 2006, Petitioner filed a motion for appropriate relief ("MAR") in Superior Court, Guilford County. (Docket Entry 6, Ex. 3.) Petitioner filed a motion to amend his MAR on February 20, 2008. (*Id.*, Ex. 4.) Both the MAR and the motion to amend were

denied on October 24, 2008.[1] (*Id.*, Ex. 6.) Petitioner filed a second MAR on February 20, 2015 in Superior Court, Guilford County, which was denied on March 20, 2015. (*Id.*, Exs. 7-8.) On April 16, 2015, Petitioner sought review of the denial of his MAR by filing a petition for a writ of certiorari with the North Carolina Court of Appeals, which was denied on May 4, 2015. (*Id.*, Exs. 9, 11.) On August 10, 2015, Petitioner filed a petition for discretionary review in the Supreme Court of North Carolina, which was dismissed on September 24, 2015. (*Id.*, Ex. 12-13.) Petitioner dated his instant Petition October 12, 2015 and filed it in this Court on October 22, 2015. (Docket Entry 2.)

## Petitioner's Claims

Petitioner raises four claims. First, he contends that there was an "insufficient factual basis for [his] habitual felon plea" because, "the prosecutor stated to the judge that he would produce particular evidence to show Petitioner's guilt but did not produce the evidence and instead he put forth his personal theory (unsupported) on issues requiring expert testimony and/or verified court documents supporting the habitual felon charge." (Docket Entry 2, Ground One.) Second, Petitioner contends his "conviction [was] obtained through an invalid indictment" because it "was not constructed in accordance with N.C. law (14-7.1 thru 14-7.6) and it deprived [him] of due process of law and obstructed [him] from making a true and real decision on how to plea" and because, "the Court [was] without proper venue and jurisdiction." (*Id.*, Ground Two.)

---

[1] Although neither party mentions this in their pleadings, the Court notes that in addition to denying Petitioner's MAR and motion to amend the MAR, the court directed the clerk of superior court to correct various clerical errors in the form of a corrected judgment. (Docket Entry 6, Ex. 6.)

Third, Petitioner contends that his "prior record level was not properly calculated, thus [he] received an unauthorized sentence." (*Id.*, Ground Three.) Specifically, Petitioner contends that "the sentencing court vindictively used the consolidated offense of sell/deliver cocaine to add 4 points on [his] prior record level where it could have used the sale charge on the habitual felon indictment and used the poss. of cocaine to add points which would have dropped [his] points to 19, then the one point for same elements should not have been used because [he] never assaulted an officer." (*Id.*) Last, in Ground Four, Petitioner contends that his "conviction [was] obtained in violation of [his] right to counsel" because his "lawyer did not research the law and ask that it be applied in a fair manner and appeal counsel was ineffective because of his/hers failure to research and investigate the appropriate application of law on appeal or for not challenging trial counsel's ineffectiveness." (*Id.*, Ground Four.) As explained in greater detail below, all these claims are time-barred.

## Discussion

### I. Petitioner's Habeas Corpus Petition Is Time-Barred.

Respondent requests dismissal on the ground that the Petition (Docket Entry 2) was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 5.) In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
3

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

### A. Subparagraph (A) Triggers the Onset of the Limitations Period.

Under subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, the Supreme Court of North Carolina affirmed Petitioner's criminal convictions on December 17, 2004. *State v. Cook*, 359 N.C. 185 (2004). Petitioner did not seek further review with the United States Supreme Court. (Docket Entry 2, § 9(h).) Petitioner's conviction thus became final on March 17, 2005, 90 days later, when the time for petitioning the United States Supreme Court for certiorari expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires" (internal citations omitted)); *see also* Sup. Ct. R. 13.1 (allowing petitioners 90 days after highest state appellate court enters judgment). Petitioner's

4

year to file thus began to run in mid-March 2005 and, absent tolling of some form, expired one year later in mid-March 2006. Petitioner did not execute and submit his Petition (Docket Entry 2) until October of 2015 and so it is more than nine years late. Unless another subparagraph applies, the Petition is time-barred.[2]

It is true that Petitioner did make certain state collateral filings, the earliest being in October of 2006, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Yet, Petitioner's state court collateral filings all began after the limitations period on filing a federal habeas petition had already expired in mid-March 2006. State filings after this limitations period passes do not restart the filing period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

## B. Subparagraph (B) Does Not Trigger the Onset of the Limitations Period.

Under subparagraph (B), Petitioner's one-year limitations period would begin on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

---

[2] At no point does Petitioner assert that the entry of a corrected judgment addressing clerical matters impacts the timeliness analysis, nor is there any reason to conclude it would. *See, e.g., United States v. Dodson*, 291 F.3d 268, 275 (4th Cir. 2002) (concluding that "finality is not delayed [for purposes of one-year period of limitation] if an appellate court disposes of all counts in a judgment of conviction but remands for a ministerial purpose that could not result in a valid second appeal"); *United States v. Wilson*, 256 F.3d 217, 220 (4th Cir. 2001) (concluding that a remand to vacate one count of conviction, after affirming the remaining counts of conviction, failed to toll the statute of limitations); *see also Richardson v. Gramley*, 998 F.2d 463, 465 (7th Cir. 1993) ("A judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, *unless* the remand is for a purely 'ministerial' purpose, involving no discretion, such as recomputing prejudgment interest according to a set formula." (emphasis added)).

filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Petitioner does not invoke this subparagraph nor make arguments in his pleadings that would justify its application. Nothing in Petitioner's pleadings suggests that a starting date of later than mid-March 2005 is proper.

### C. Subparagraph (C) Does Not Trigger the Onset of the Limitations Period.

Under subparagraph (C), Petitioner's one-year limitation period would begin on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Petitioner has not invoked this subparagraph, nor has he provided any case law that could plausibly trigger this subparagraph.

### D. Subparagraph (D) Does Not Trigger the Onset of the Limitations Period.

Subparagraph (D) provides that a petitioner may file an application for a writ of habeas corpus within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner specifically mentions this subparagraph in his response to Respondent's motion to dismiss and he contends that "the evidence [he] used on [his] February 6th, 2015 MAR was new evidence." (Docket Entry 8 at 2-3.) He contends that "there [was] no way [he] could have discovered the new evidence through due diligence at any earlier time because [he] was indigent and unable to obtain research materials and [he] asked everyone [he] knew to help [him] obtain what [he] needed." (*Id.* at 4.) Petitioner also specifically asserts that "[t]he new evidence is based on a factual predicate that [he] could not have discovered at anytime earlier." (*Id.* at 5.)

6

There are a number of reasons that Petitioner's allegations do not warrant a later starting date under this subparagraph. First, Petitioner's efforts to invoke this subparagraph are vague, conclusory, and unsupported and they fail for these reasons alone. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).

Second, Petitioner has failed to point to any new factual evidence. Although it is unclear, in raising subparagraph (D), Petitioner may be[3] attempting to incorporate by reference the arguments in his second MAR. (Docket Entry 8 at 1-3.) If so, nothing in that pleading entitles Petitioner to a latter start date of the limitations period.

More specifically, Petitioner's second MAR alleges a lengthy series of errors purportedly committed by either the trial court, Petitioner's attorneys, or the prosecution. (Docket Entry 6, Ex. 7.) These alleged errors generally fall into the following categories: (1) ineffective assistance of counsel for failing to prepare a defense, seek discovery, review the law, call important witnesses, advocate for Petitioner, challenge the sufficiency of the evidence, and give proper advice regarding a guilty plea, (2) a defective habitual felon plea, (3) a defective indictment, (4) errors in the habitual felon sentence, (5) other sentencing errors, (6) significant changes in the law,[4] and (7) prosecutorial errors and misconduct, including allegations that the

---

[3] It seems more likely that Petitioner is raising the contents of his second MAR as part of an effort to seek equitable tolling. However, as explained below, tolling is not warranted in this case either.

[4] If Petitioner is referencing various 2009 and 2011 amendments to North Carolina sentencing law, his claim would still be untimely because he did not file his Petition until 2015, well-past the one-year deadline after the purported factual predicate of his claims could have been discovered through due diligence. *See, e.g., Sheffield v. Perry*, No. 1:14CV450, 2014 WL 7365870, at *3 (M.D.N.C. Dec. 24, 2014) (unpublished), *recommendation adopted*, slip op. (M.D.N.C. March 19, 2015) (unpublished). Additionally, the last amendment to the North Carolina statute governing punishment limits for

7

prosecution improperly referred to questionable evidence, expressed his personal opinion, vouched for the credibility of the witness, and failed to disclose material evidence favorable or not favorable to the accused upon request. (*Id.*) Nevertheless, the ground for all of these allegations could have been discovered through the exercise of due diligence prior to the completion of Petitioner's direct appeal.[5] The only possible exception to this are Petitioner's claims of a change in sentencing law and a claim that the prosecution withheld evidence. However, nowhere does Petitioner explain these claims in sufficient detail as to warrant a later starting date. *See Nickerson*, 971 F.2d at 1136. Petitioner has failed to demonstrate subparagraph (D) applies here and unless Petitioner is entitled to equitable tolling, which is not the case for the reasons set forth below, all his claims are time-barred.

E. **Petitioner Is Not Entitled to Equitable Tolling.**

Petitioner may also be invoking the doctrine of equitable tolling. (Docket Entry 8.) The doctrine of equitable tolling applies to the time bar set forth in Section 2244. *Holland v.*

---

offense class and record level was effective October 1, 2013, which would still render the Petition time-barred as of October 1, 2014. N.C.G.S.A. § 15A-1340.17 (2013). "Moreover, the Equal Protection Clause does not prohibit the legislature from prospectively reducing the penalty for a crime, even if defendants sentenced for the crime prior to the effective date of the change would serve a longer term of imprisonment than defendants sentenced thereafter." *Sheffield*, 2014 WL 7365870, at *3, n.4. Petitioner's assertions of a change in law do not render his claims timely or meritorious.

[5] *See, e.g., Griffin v. Hall*, No. 1:14CV7, 2014 WL 4199345, at *2 (M.D.N.C. Aug. 22, 2014) (unpublished) ("Any claims regarding his habitual felon status would certainly have existed, and could have been uncovered through the exercise of due diligence, at the time of his conviction."), *report and recommendation adopted*, No. 1:14CV7, 2015 WL 1127757 (M.D.N.C. Mar. 12, 2015) (unpublished), *appeal dismissed*, 610 F. App'x 316 (4th Cir. 2015); *Sauls v. Mathena*, No. 2:12-CV-279, 2013 WL 5423817, at *5 (E.D. Va. Sept. 25, 2013) (unpublished) ("[T]o the extent Sauls may rely on 28 U.S.C. § 2244(d)(1)(D), which provides for belated commencement of the limitation period to 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence,' this argument fails as his claims touch and concern issues surrounding the trial.").

8

*Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may excuse an otherwise untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, as explained below, Petitioner meets neither prong of this analysis.

Although unclear, Petitioner may be incorporating by reference the contents of his second MAR, described in greater detail above, in an effort to seek equitable tolling. (Docket Entry 8 at 1-5.) However, as explained further above, Petitioner could have discovered the specific grounds raised in his MAR by the time his direct appeal was final. Consequently, Petitioner has not been pursuing his rights diligently.

Nor has Petitioner pled sufficiently extraordinary circumstances that would warrant equitable tolling. Petitioner asserts that he could not discover the grounds for his current claims in a timely manner because he did not have access to legal reference materials and because "prisoner legal services would not research or send me any of the applicable law materials and it was not until January 2015 that I got my hands on any law books to research my case." (Docket Entry 8 at 2.) However, this line of argumentation is not persuasive. First, ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Second, the absence of a law library in state prison does not warrant equitable tolling. This is because the state is only constitutionally required to provide petitioners meaningful access to the courts, but satisfies its obligations through North Carolina Prisoner Legal Services. *See Burgess v. Herron*, No. 1:11CV420, 2011 WL 5289769, at *2 (M.D.N.C. Nov.

9

Case 1:15-cv-00897-NCT-JLW Document 9 Filed 06/02/16 Page 9 of 12

2, 2011) (unpublished) *report and recommendation adopted*, slip. op. (M.D.N.C. Dec. 1, 2011) (unpublished).

Third, Petitioner's assertion that North Carolina Prisoner Legal Services somehow prevented him from complying with the statutory deadline is too vague and conclusory to warrant equitable tolling. *See Nickerson*, 971 F.2d at 1136; *Smith v. Virginia*, No. 3:12CV148, 2013 WL 871519, at *4 (E.D.Va. Mar. 8, 2013) (unpublished) ("[C]onclusory allegations fail to meet the high burden required to demonstrate entitlement to equitable tolling."), *appeal dismissed*, Nos. 13-6890, 13–6962 (4th Cir. Aug. 27, 2013); *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012). For example, Petitioner does not assert when or how he sought the assistance of NCPLS. Nor does Petitioner—who has failed to attach to his pleadings any correspondence with NCPLS—state exactly what his communications with that organization entailed.

Fourth, Petitioner's assertion that he could not afford an attorney, or get the courts to appoint him one, to assist him in the pursuit of his rights in this post-conviction proceeding does not warrant equitable tolling. (Docket Entry 8 at 4.) There is no constitutional right to appointed counsel in a habeas case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that "the right to appointed counsel extends to the first appeal of right, and no further"); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013) ("[A] petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction."). Consequently, the inability to afford counsel, or to persuade a court to appoint counsel, at this stage is not sufficiently extraordinary to warrant equitable tolling.

10

Fifth, Petitioner contends that failing to review his Petition (Docket Entry 2) on the merits would be a grave "miscarriage of justice." (Docket Entry 8 at 2, 5.) This contention simply devolves into an argument that his claims have merit, which is generally irrelevant to the timeliness analysis. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003). Simply put, there is no merits based exception to the one-year limitation period—though there is an actual innocence exception, addressed below—and Petitioner has failed to demonstrate that the deadline should be equitably tolled.

Last, Petitioner asserts that he is actually innocent of the crimes for which he was convicted. (Docket Entry 8 at 1.) Recently, the Supreme Court recognized in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to the time limitation. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, at most, Petitioner asserts in a conclusory fashion that he is innocent of the assault conviction and perhaps the cocaine conviction as well. (Docket Entry 2, Ground 3.) Mere conclusory statements are insufficient to toll the federal habeas deadline. *See Nickerson*, 971 F.2d at 1136. Although unclear, Petitioner may also be asserting that he is actually innocent of his status as a habitual felon. (Docket Entry 8.) However, even assuming he is, and assuming even further that Petitioner can invoke the actual innocence exception here as

to his status as a habitual felon, *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014) ("*McQuiggin* does not apply to habeas claims based on actual innocence of a sentence"), his state court record reflects that he was indicted as a habitual felon for having committed three prior state felonies; that he knowingly, voluntarily, and intelligently pled guilty to being a habitual felon; and that he was then sentenced as habitual felon. (Docket Entry 6, Ex. 7 at pdf pages 29, 33-38.) Petitioner, who does not assert his innocence of the underlying predicates supporting his habitual felon status, has presented no evidence suggesting he is actually innocent of being a habitual felon, and his contention that the actual innocence exception applies is not persuasive.

## Conclusion

For the reasons set forth above, the Petition (Docket Entry 2) and all the grounds for relief contained therein are time-barred and should be dismissed.[6] Neither an evidentiary hearing nor the appointment of counsel are warranted here.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 2) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

June 2, 2016

---

[6] Petitioner requests that the Court order the Government to answer his Petition and further order discovery. (Docket Entry 8 at 3.) However, because the Petition is time-barred, the relief Petitioner requests is not warranted.

12

Case 1:15-cv-00897-NCT-JLW   Document 9   Filed 06/02/16   Page 12 of 12